IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LAWRENCE DURAN,

       Plaintiff,               No. CIV S-05-1733 LKK PAN P

    vs.

WARDEN ROSANNE CAMBELL,

       Defendants.       ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. For reasons set forth infra, this court will not rule on plaintiff's request to proceed in forma pauperis.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6           A complaint, or portion thereof, should only be dismissed for failure to state a

7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15          In his complaint, plaintiff claims that his constitutional rights were violated during

16  parole-revocation proceedings in Alameda County in 2002 and 2004.  With respect to the 2004

17  proceedings, he claims that the hearing commissioner was biased and that his hearing was

18  delayed.  With respect to the 2002 proceedings, he claims that his parole agent was biased and,

19  apparently, that his parole was revoked in his absence.  The sole defendant named in the action is

20  the Warden of Mule Creek State Prison, where plaintiff is currently incarcerated.  Plaintiff seeks

21  release from custody and damages for every day that he has been in custody on the parole-

22  revocation proceedings at issue.

23          As a general rule, in federal court an application for writ of habeas corpus is the

24  proper action by which to challenge the legality or duration of a prisoner's custody.  See Preiser

25  v. Rodriguez, 411 U.S. 475 (1973).  In Heck v. Humphrey, 512 U.S. 477 (1994), the United

26  States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly

1   unconstitutional conviction or imprisonment cannot be maintained absent proof "that the

2   conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

3   invalid by a state tribunal authorized to make such determination, or called into question by a

4   federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

5   Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this

6   case would necessarily invalidate his conviction or sentence. Id. If it would, the complaint must

7   be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

8          In the instant case, plaintiff's claims implicate the validity of his current

9   confinement pursuant to the 2004 parole-revocation proceedings. To the extent this action is

10  construed as a civil rights action pursuant to 42 U.S.C. § 1983, therefore, it appears that it is

11  barred by the rule announced in Heck v. Humphrey, supra.

12         It is not entirely clear, however, whether this action may also properly be

13  construed as an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In that regard,

14  the court notes that plaintiff raises constitutional challenges to the parole-revocation proceedings,

15  and he names as the sole defendant his custodian, the Warden of Mule Creek State Prison. The

16  Warden played no role in the alleged constitutional violations but is the proper respondent in a

17  habeas corpus challenge to plaintiff's present confinement. See Rule 2(a), 28 U.S.C. foll. §

18  2254.

19         If this action is construed as a habeas corpus action, a prerequisite is the

20  exhaustion of state remedies. There is no allegation in the complaint that plaintiff has exhausted

21  the state court remedies available to him.

22         Whether this action is construed as a civil rights action or a habeas corpus action,

23  venue over this action is proper not in this court but in the United States District Court for the

24  Northern District of California. The federal venue statute requires that a civil rights action be

25  brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the

26  same State, (2) a judicial district in which a substantial part of the events or omissions giving rise

3

1  to the claim occurred, or a substantial part of property that is the subject of the action is situated,

2  or (3) a judicial district in which any defendant may be found, if there is no district in which the

3  action may otherwise be brought." 28 U.S.C. § 1391(b).  As noted above, the events complained

4  of occurred in Alameda County, which is in the judicial district covered by the United States

5  District Court for the Northern District of California.  While the sole defendant currently named

6  in this action resides in this district, she was not personally involved in any of the events

7  complained of and therefore is not a proper defendant in this action.

8           To the extent this action is construed as a habeas corpus action, it attacks parole-

9  revocation proceedings that occurred in Alameda County.  While both this Court and the United

10  States District Court in the district where those proceedings took place have jurisdiction, see

11  Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), any and all witnesses and evidence

12  necessary for the resolution of plaintiff's claims are more readily available in Alameda County.

13  Id. at 499 n.15; 28 U.S.C. § 2241(d).

14           For the foregoing reasons, this action should be dismissed.

15           Accordingly, IT IS HEREBY ORDERED that:

16           1.  This court has not ruled on plaintiff's request to proceed in forma pauperis;

17           2.  This matter is dismissed without prejudice.

18  DATED:  September 28, 2006.

19

20                                    UNITED STATES MAGISTRATE JUDGE

21

22  14/dura.1733.21a

23

24

25

26

4