1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DANIEL LAWRENCE DURAN,

11                Plaintiff,                    No. CIV S-05-1733 LKK PAN P

12          vs.

13    WARDEN ROSANNE CAMBELL,

14                Defendants.                   ORDER[1]

15    _____/

16                Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17    to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis.  For reasons set forth

18    infra, this court will not rule on plaintiff's request to proceed in forma pauperis.

19                The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24    U.S.C. § 1915A(b)(1),(2).

25    _____

26          [1]  This order supersedes an order issued in error on September 29, 2006.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13  complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    In his complaint, plaintiff claims that his constitutional rights were violated during

18  parole-revocation proceedings in Alameda County in 2002 and 2004.  With respect to the 2004

19  proceedings, he claims that the hearing commissioner was biased and that his hearing was

20  delayed.  With respect to the 2002 proceedings, he claims that his parole agent was biased and,

21  apparently, that his parole was revoked in his absence.  The sole defendant named in the action is

22  the Warden of Mule Creek State Prison, where plaintiff is currently incarcerated.  Plaintiff seeks

23  release from custody and damages for every day that he has been in custody on the parole-

24  revocation proceedings at issue.

25  /////

26  /////

1    Section 1983 of Title 42 of the United States Code provides as follows:

2    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
3    deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
4    law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       There are no allegations that link the Warden of Mule Creek State Prison to the

13   events complained of, all of which took place in Alameda County.  In addition, plaintiff's

14   damages claims implicate the validity of his current confinement pursuant to the 2004 parole

15   revocation proceedings and, for that reason, are not cognizable in a civil rights action where, as

16   here,  neither the parole revocation nor the sentence imposed thereon "has been reversed on

17   direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

18   make such determination, or called into question by a federal court's issuance of a writ of habeas

19   corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 486 (1994).

20       As a general rule, in federal court an application for writ of habeas corpus is the

21   proper action by which to challenge the legality or duration of a prisoner's custody.  See Preiser

22   v. Rodriguez, 411 U.S. 475 (1973).  Given that, inter alia, plaintiff's claims implicate the validity

23   of the parole revocation proceedings, he seeks release from custody, and he has named his

24   /////

25   /////

26   /////

3

1   custodian as the sole defendant in this action, see Rule 2(a), 28 U.S.C. foll. § 2254, it may be

2   proper to construe this action as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]

3           Good cause appearing, the complaint filed August 26, 2005 will be dismissed and

4   plaintiff will be given an opportunity to file, as appropriate, a habeas corpus petition challenging

5   his current confinement or an amended civil rights complaint raising cognizable claims for relief

6   under 42 U.S.C. § 1983.[3]  Any amended pleading must be prepared on the appropriate form,

7   provided with this order, and must bear the case number assigned to this action.

8           In accordance with the above, IT IS HEREBY ORDERED that:

9           1.  This court's order filed September 29, 2006 is vacated;

10          2.  Plaintiff's complaint is dismissed.

11          3.  Plaintiff is granted thirty days from the date of service of this order to file, as

12  appropriate, an amended complaint that complies with the requirements of the Civil Rights Act,

13  the Federal Rules of Civil Procedure, and the Local Rules of Practice; **or** a habeas corpus petition

14  that complies with the requirements of 28 U.S.C. § 2254 and applicable rules; any amended

15  pleading must be prepared on a form provided with this order; must bear the docket number

16  assigned this case and must be labeled as an amended pleading; plaintiff must file an original and

17  two copies of the amended pleading; failure to file an amended pleading in accordance with this

18  order will result in a recommendation that this action be dismissed; and

19

20  ───────────────

21      [2] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may

22  not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them

23  to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

24

25      [3] Plaintiff is cautioned that if he files an amended civil rights complaint he will incur a liability in the amount of the federal court filing fee of $250.00, for a civil rights action filed in

26  2005.

4

1    4.  The Clerk of the Court is directed to send plaintiff the court's form civil rights

2    complaint and the court's form habeas corpus application and accompanying instructions.

3    DATED: September 29, 2006.

4

5    _____

6    UNITED STATES MAGISTRATE JUDGE

7    12/14

8    dura.1733.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26